IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH PILCHESKY, | : |
| | : Civil No. 3:14-CV-381 |
| Plaintiff | : |
| | : (Judge Mannion) |
| v. | : |
| | : (Magistrate Judge Carlson) |
| FEDERAL MARSHAL'S OFFICE | : |
| OF THE UNITED STATES, et al., | : |
| | : |
| Defendants | : |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On March 4, 2014, plaintiff Joseph W. Pilchesky initiated this action by filing a complaint against Marshal Pane and four John Doe Federal Marshals. On May 5, 2014, Mr. Pilchesky filed an amended complaint. On June 27, 2014, Mr. Pilchesky filed a second amended complaint. Mr. Pilchesky's Second Amended Complaint contains three counts: Invasion of Privacy, Intrusion upon Seclusion, and Trespassing. These three counts are common law claims, and not constitutional claims. On September 23, 2014, the defendants filed a battery of potentially dispositive motions. (Docs. 20-22.) Pilchesky, in turn, filed motion to compel disclosure of the names of unnamed Deputy U.S. Marshals referred to in his second amended complaint. (Doc. 18.) On October 2, 2014, Pilchesky notified the Court that he had quadruple by-pass surgery, and requested a stay of the instant matter for sixty (60) days to sufficiently

recover from by-pass surgery. We granted this request and ordered the parties to file a joint status report on or before December 1, 2014, to address the status of the case, and to propose a briefing schedule of the pending motions.

This status report, (Doc. 25.), explained that Pilchesky intended to amend his complaint to add the previously unknown defendants, whose identities had apparently been disclosed to him, and to attempt to rectify any deficiencies in the previous complaints; but, at present, the pain in his chest impaired his ability to prepare court documents. In order to accommodate the plaintiff's medical and litigation needs the parties jointly recommended that the Court set the following schedule in this case: (1) Plaintiff's motion to amend the complaint will be due on or before January 5, 2014; and (2) if plaintiff does not move to amend his complaint by January 5, 2014, defendants will have 14 days (to January 19, 2014) to file briefs in support of their current pending motions. The defendants also request that if the Court denies plaintiff's motion to amend, defendants will have 14 days after that Order deny the motion to amend to file briefs in support of their current pending motions. We concurred in this approach and entered an order directing that on or before January 5, 2014, the plaintiff should file a motion to amend his complaint, an accompanying brief, and a proposed amended complaint as required by Local Rule 15.1. Further

briefing of this motion would then be conducted in accordance with the Rules of this Court.

Pilchesky has complied with this order, in part, by timely filing a proposed amended complaint, (Doc. 27.), although Pilchesky neglected to file a motion for leave to amend as he had been instructed to do by the Court. In any event, the proposed amended complaint will be accepted by the Court. Because the amended complaint adds new defendants to this action, the plaintiff is ORDERED in accordance with Rule 4 to make arrangements to effect service of the complaint on these defendants as required by the Rules of this Court.

We believe that this development also has substantive significance for the parties since, as a matter of law, an amended complaint takes the place of any prior complaint, effectively invalidating the prior complaint. Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended … supersedes the pleading it modifies…. Once an amended pleading is interposed, the original pleading no longer performs any function in the case…."). Since the complaint in this case has been amended, the prior complaints are now nullities, and

any pretrial motions challenging the prior complaint are now moot. Therefore, we will DISMISS the pending pretrial motions relating to the plaintiff's prior complaint, (Docs. 20, 21, and 22.) as moot, but without prejudice to renewal of these motions, once the plaintiff affects service of his amended complaint.

SO ORDERED, this 7th day of January, 2015.

<u>*S/Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge