### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH PILCHESKY,** | : | |
| | : | **Civil No. 3:14-CV-381** |
| **Plaintiff** | : | |
| | : | **(Judge Caputo)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **FEDERAL MARSHAL'S OFFICE** | : | |
| **OF THE UNITED STATES, et al.,** | : | |
| | : | |
| **Defendants** | : | |

### MEMORANDUM ORDER

THE BACKGROUND OF THIS CASE IS AS FOLLOWS:

The plaintiff, a *pro se* litigant, alleges in his third amended complaint that four deputy U.S. Marshals violated his constitutional rights under the First and Fourteenth Amendments by engaging in malicious invasion of privacy, intrusion upon seclusion and trespassing in the course of efforts to locate a fugitive sought by the Marshals Service.  There is currently a motion to dismiss, or in the alternative, for summary judgment, pending in this matter.  (Doc. 32.)  The plaintiff has not yet filed a brief in opposition to this motion.

Instead the plaintiff has filed two motions to compel discovery in this case. (Docs. 35 and 36.)  Neither of these motions has been accompanied by a brief, as required by the Rules of this Court, and upon consideration we believe that discovery

should be stayed until we have addressed the potentially dispositive motion filed in this case.

At the outset, we note that the failure to file briefs in support of these motions has consequences for the plaintiff since we are entitled to deem the plaintiff to have withdrawn a motion when he fails to properly support that motion by filing a brief in a timely fashion.  See, e.g., Salkeld v. Tennis, 248 F. App'x 341 (3d Cir.2007) (affirming dismissal of motion under Local Rule 7.5); Booze v. Wetzel, 1:12-CV-1307, 2012 WL 6137561 (M.D. Pa. Nov. 16, 2012) report and recommendation adopted, 1:CV-12-1307, 2012 WL 6138315 (M.D. Pa. Dec. 11, 2012); Breslin v. Dickinson Twp., 1:09–CV–1396, 2011 WL 1577840 (M.D.Pa. Apr.26, 2011) Prinkey v. Tennis, No. 09–52, 2010 WL 4683757 (M.D.Pa. Nov.10, 2010) (dismissal under Local Rule 7.5); Griffin v. Lackawanna County Prison Board, No. 07–1683, 2008 WL 4533685 (M.D.Pa.Oct.6, 2008) (dismissal under Local Rule 7.6).

More fundamentally, we recognize that rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment.  This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters.  In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997).  When a magistrate judge's decision involves a

discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)).  Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138,  2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles.  Thus, this broad discretion over discovery matters extends to decisions under Rule 26(c) relating to the issuance of protective orders limiting and regulating the timing of discovery.  Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.' Galella v. Onassis, 487 F.2d 986, 997 (2d Cir.1973) (citation omitted)." Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992).  One of these cardinal principles, governing the exercise of discretion in this field, is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless.  See, e.g., James v. York County

Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice,

973 F.2d 843,849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205

F.R.D. 433, 434 (S.D.N.Y. 2002).  Briefly deferring discovery in such a case, while

the court determines the threshold issue of whether a complaint has sufficient merit

to go forward, recognizes a simple, fundamental truth:  Parties who file motions which

may present potentially meritorious and complete legal defenses to civil actions should

not be put to the time, expense and burden of factual discovery until after these

claimed legal defenses are addressed by the court.   In such instances, it is clearly

established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially
> dispositive motion where the motion 'appear[s] to have substantial
> grounds' or, stated another way, 'do[es] not appear to be without
> foundation in law.' " In re Currency Conversion Fee Antitrust Litigation,
> 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler
> Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10
> (S.D.N.Y.1991)) (citing Flores v. Southern Peru Copper Corp., 203
> F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-
> Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March
> 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Guided by these principles, we note that the defendants have filed a potentially

dispositive motion in this case.  The merits of these claims are currently being

addressed by the Court, ensuring a very prompt resolution of this motion.  In this

setting, we conclude, consistent with settled case law, that:

"[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) (citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Therefore, we will defer further discovery pending resolution of the outstanding motion to dismiss or in the alternative for summary judgment.  An appropriate order follows:

AND NOW this 12th day of May, 2015, the plaintiff's motions to compel (Docs. 35 and 36.) are DENIED without prejudice to renewal of these motions upon resolution of the pending motion to dismiss or in the alternative for summary judgment.  IT IS FURTHER ORDERED that the plaintiff shall file a brief in opposition to the motion to dismiss or in the alternative for summary judgment on or before **May 25, 2015.**[1]  Pursuant to Local Rule 7.7 the movants may then file a reply

---

[1]To the extent that the plaintiff believes that he needs further discovery to respond to this motion, in lieu of conducting additional discovery at this time, he should follow the procedures outlined in Rule 56(d) of the Federal Rules of Civil Procedure.

brief within 14 days of the filing of this response, or on or before **June 8, 2015**.  All

briefs must conform to the requirements prescribed by Local Rule 7.8.

The plaintiff, who is proceeding *pro se*, is advised that Local Rule 7.6 of the

Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions,

and  provides that

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion.*  Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition.  A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to

dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with

the [R]ule after a specific direction to comply from the court.'   Stackhouse v.

Mazurkiewicz, 951 F.2d 29, 30 (1991)."  Williams v. Lebanon Farms Disposal, Inc.,

No. 09-1704,  2010 WL 3703808, *1 (M.D. Pa. Aug.26, 2010).  Therefore, a failure

to comply with this direction may result in the motion being deemed unopposed and

granted.

So ordered this 12th day of May 2015.

***<u>S/Martin C. Carlson</u>***
Martin C. Carlson
United States Magistrate Judge
