## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH PILCHESKY,** | : | |
| | : | **Civil No. 3:14-CV-381** |
| **Plaintiff** | : | |
| | : | **(Judge Mannion)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **FEDERAL MARSHAL'S OFFICE** | : | |
| **OF THE UNITED STATES, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM OPINION AND ORDER

### I.    Factual Background

The plaintiff, a *pro se* litigant, alleges in his third amended complaint that four deputy U.S. marshals violated his constitutional rights under the First and Fourteenth Amendments by engaging in malicious invasion of privacy, intrusion upon seclusion and trespassing in the course of efforts to locate a fugitive sought by the Marshals Service.  There is currently a motion to dismiss, or in the alternative, for summary judgment, pending in this matter.  (Doc. 32.)

While this potentially dispositive motion was pending, the plaintiff filed two motions to compel discovery in this case. (Docs. 35 and 36.) Neither of these motions was accompanied by a brief, as required by the rules of this court, and upon

consideration we denied these motions to compel and stayed discovery pending resolution of the potentially dispositive motion filed in this case.  (Doc. 37.)

In reaching this result, we recognized that rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment and this far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters.  Halsey v. Pfeiffer, No. 09-1138,  2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).  We also acknowledged that:  " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.' Galella v. Onassis, 487 F.2d 986, 997 (2d Cir.1973) (citation omitted)."  Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992).  One of these cardinal principles, governing the exercise of discretion in this field, is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless.  See, e.g., James v. York County Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843,849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).  Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit

to go forward, recognizes a simple, fundamental truth: Parties who file motions which

may present potentially meritorious and complete legal defenses to civil actions should

not be put to the time, expense and burden of factual discovery until after these

claimed legal defenses are addressed by the court.  In such instances, it is clearly

established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially
> dispositive motion where the motion 'appear[s] to have substantial
> grounds' or, stated another way, 'do[es] not appear to be without
> foundation in law.'" In re Currency Conversion Fee Antitrust Litigation,
> 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler
> Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10
> (S.D.N.Y.1991)) (citing Flores v. Southern Peru Copper Corp., 203
> F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-
> Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March
> 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).


Therefore, relying upon these settled legal tenets guiding the exercise of our

discretion we deferred further discovery pending resolution of the outstanding motion

to dismiss or in the alternative for summary judgment.  Yet while we reached this

conclusion, we also took affirmative steps to protect the plaintiff's rights by observing

for the plaintiff that:  "To the extent that the plaintiff believes that he needs further

discovery to respond to this motion, in lieu of conducting additional discovery at this

time, he should follow the procedures outlined in Rule 56(d) of the Federal Rules of

Civil Procedure" and submit an affidavit outlining the disputed issues of fact which

preclude summary judgment and cannot be fully addressed without further discovery. (Doc. 37, n. 1.)

Pilchesky has not followed this suggestion, and sought the relief which Rule 56 and our prior order expressly provides in this setting, where a summary judgment motion has been filed but the party opposing the motion believes that further discovery is necessary. Instead, Pilchesky has filed two motions to reconsider this ruling. (Docs. 38 nd 39.) These motions have been briefed by the parties and are ripe for resolution.

For the reasons set forth below, the motions will be denied.

## II.   Discussion

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either: "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

"The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).

Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Judged against these standards, we find that no grounds exist to reconsider our prior ruling deferring discovery pending resolution of this potentially dispositive

motion, while preserving the plaintiff's rights by notifying him of his ability to utilize Rule 56(d), to highlight factual disputes which may preclude summary judgment and require further discovery.  We note that none of the grounds which would justify a motion to reconsider are present here.  We did not misunderstand the positions of the parties in our prior ruling.   Rather, we entered an order which addressed and reconciled the contrasting views of these parties.  Our order has not been undermined by a supervening change in the law, and there is no need to correct a clear error of law or fact or to prevent manifest injustice.  Accordingly, these motions to reconsider will be denied, but we will restate the availability of relief under Rule 56(d).

An appropriate order follows:

### III.   Order

AND NOW this 24th day of June 2015, the plaintiff's motions to reconsider (Docs. 38 and 39.) are DENIED.  IT IS FURTHER ORDERED that to the extent that the plaintiff believes that he needs further discovery to respond to this motion, in lieu of conducting additional discovery at this time, he should follow the procedures outlined in Rule 56(d) of the Federal Rules of Civil Procedure.  If the plaintiff wishes to avail himself of this procedure he shall file a supplemental response under Rule 56(d) or before **July 8, 2015**.  Pursuant to Local Rule 7.7 the movants may then file a supplemental reply brief within 14 days of the filing of this response, or on or before

**July 22, 2015**.  All briefs must conform to the requirements prescribed by Local Rule

7.8.

                                        ***S/Martin C. Carlson***
                                        Martin C. Carlson
                                        United States Magistrate Judge