IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH PILCHESKY, | : |
| | : Civil No. 3:14-CV-381 |
| **Plaintiff** | : |
| | : (Judge Mannion) |
| v. | : |
| | : (Magistrate Judge Carlson) |
| DEPUTY U.S. MARSHAL | : |
| BARONE, et al., | : |
| | : |
| **Defendants** | : |

## MEMORANDUM ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

This *pro se* civil rights lawsuit comes before us for consideration of a motion for sanctions filed by the plaintiff, Joseph Pilchesky. (Doc.78.) This motion seeks to sanction the defendants for allegedly failing to comply with an order directing them to provide some limited additional discovery relating to Pilchesky's allegation that the defendants violated the plaintiff's rights under the Fourth Amendment to the United States Constitution when they conducted a warrantless search of the plaintiff's home seeking the plaintiff's paramour, who was wanted on a state arrest warrant.

With respect to this legal claim it is alleged that in December 2013, the plaintiff, Joseph Pilchesky, was involved in a romantic relationship with Stephanie Tarapchak. In the course of this relationship, on occasion Tarapchak stayed with Pilchesky at his residence, 819 Sunset Street in Scranton, Pennsylvania. On December 19, 2013, the

Court of Common Pleas for Lackawanna County issued a warrant for Tarapchak's arrest. On December 30, 2013, the arresting agency in Tarapchak's case, the Office of the Pennsylvania Attorney General, requested the assistance of the United States Marshals Service in locating and arresting Tarapchak. After Deputy U.S. Marshals learned that Tarapchak frequented Pilchesky's home, the defendant deputies traveled to Pilchesky's residence to try to apprehend her.

When the defendant deputies arrived at the home, they knocked and announced their presence, but received no response, although they observed lights burning inside the home. The deputies then established a perimeter around the home, and were informed by a neighbor that the neighbor believed that Stephanie Tarapchak and her daughter, Fallon, had been dropped off at Pilchesky's home at approximately 1:00 a.m. Other neighbors also reported that Tarapchak had frequently been seen coming and going from Pilchesky's home.

As the deputies surrounded Pilchesky's home they heard voices inside the residence. After several minutes a woman, who was later identified as Stephanie Tarapchak's daughter, Fallon, came to the rear door of the home, and engaged in a brief and profane exchange with a deputy refusing to allow the deputies access to Pilchesky's home. Fallon Tarapchak also specifically demanded that the deputies produce a search warrant.

At this point the deputies took actions which are undisputed, but may be subject to two very different interpretations. The deputies contacted the United States Attorney's Office and spoke to an assistant U.S. attorney seeking a search warrant. In response the deputies were informed that, since the arrest warrant related to a state case, a search warrant should be obtained by the Pennsylvania Attorney General's office. No search warrant was ever obtained by the defendants. Instead, as their stand-off with Fallon Tarapchak continued, Fallon Tarapchak's sister and father arrived at the scene. A series of communications then took place between the deputies and Fallon Tarapchak. The tone, tenor and content of those communications are disputed by the parties. For their part, the defendants assert that Fallon Tarapchak, who they believed had the authority to consent to a search of the home, voluntarily consented to a search after being advised of the possible penalties associated with harboring a fugitive. Pilchesky presents a diametrically different account of these events, alleging that Fallon Tarapchak was an overnight guest in his home who had no authority to consent to a search. Further, Pilchesky asserts that Fallon Tarapchak's consent was coerced through a threat that she would be arrested for harboring a fugitive if she did not permit entry into the home.

The deputies then conducted a search of the home. That search did not locate the fugitive the deputies were seeking, Stephanie Tarapchak, or any other occupants of the home. At the conclusion of this search, according to the defendants they

"released Fallon [Tarapchak] from custody because she complied with all directions." (Doc. 34-1, ¶31.)

It is against this factual backdrop, that Pilchesky filed this lawsuit and sought discovery in the form of multiple requests for production of documents, and interrogatories to the defendants.  While we denied Pilchesky's motion to compel responses to many of his discovery demands, we concluded that some of Pilchesky's requests sought factual information from the defendants that directly relates to three central issues in this case; namely:  (1) What was the factual basis for the belief that Ms. Tarapchak could be located inside Pilchesky's residence?  (2) What was the factual basis for the belief that Ms. Tarapchak resided at the Pilchesky home, a fact which would have obviated the need for a search warrant?  (3) What was the factual basis for the conclusion that Fallon Tarapchak, could and did, consent to a search of the Pilchesky residence?  To the extent that the plaintiff's discovery demands were narrowly construed to seek this factual information, we granted Pilchesky's moiton to compel, subject to the government taking appropriate steps to protect the identity of any confidential informants.

Pilchesky then filed this motion for sanctions, complaining that he had not received the information which we had ordered the defendants to provide. (Doc. 78.) The defendants have responded to this motion by complying with the Court's prior direction and providing the requested information to Pilchesky.  (Docs. 82, 82-1.)

Given this response, we find that Pilchesky's motion for discovery sanctions is now moot. The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). Since these defendants have replied to these discovery demands, Pilchesky's request for discovery sanctions is now moot, and this motion for sanctions (Doc. 78.), will be DISMISSED as moot.

So ordered this 1st day of March, 2017.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge